STATE OF NORTH CAROLINA
v.
BOBBY MARION BOOE, JR.
No. COA08-482
North Carolina Court of Appeals.
Filed November 18, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Alvin W. Keller, Jr., for the State.
Duncan B. McCormick for defendant-appellant.
BRYANT, Judge.
Defendant appeals from a judgment and commitment entered 20 September 2007 after a jury found defendant guilty of second degree murder and the trial court sentenced defendant to an active term of 251 to 311 months. The sole issue on appeal is whether the trial court erred by submitting an instruction to the jury flight as evidence of guilt. For the reasons stated herein, we hold no error.
The evidence submitted at trial tended to show that on 15 March 2007, at approximately 7:00 p.m., victim Quincy Redmon, Jr. banged on the door of defendant's residence. Victim accused defendant of disrespecting victim's mother and threatened to kill defendant. However, no one saw victim in possession of a weapon. Victim left.
Later that evening, defendant sought out victim. At the time, defendant had in his possession a .38 caliber revolver. Defendant found the car victim was driving parked in front of a nearby apartment. Defendant drove into the parking lot, got out leaving the left door to his vehicle open, walked to Apartment #38, and knocked. A woman opened the door.
When defendant entered the apartment, he asked if victim was present. Defendant testified that victim saw him and defendant thought victim reached for a weapon. Defendant pulled his handgun and fired five shots. Two shots entered victim's back while he lay face-down on a couch. Victim died as a result of his wounds. Victim did not have a weapon.
Defendant drove back to his residence and made several trips on foot between the residence and a wooded area across the street. Upon learning that victim had been shot, a witness informed police that they should check the wooded area across from defendant's residence. A police tracking dog subsequently located a gun hidden under a rock in the wooded area across from defendant's residence. Defendant refused to come out of his residence when asked by the police, and defendant surrendered only after his father entered the residence and persuaded defendant to give himself up. Defendant was indicted on the charge of first degree murder.
At trial, defendant admitted on cross-examination that he fled the scene of the crime before the police arrived, that he knew he had to dispose of the gun, and that he buried the gun under rocksin the wooded area near his residence.
After the close of the evidence, the trial court along with counsel for the State and defendant, conducted a charge conference out of the presence of the jury. During the conference, defense counsel objected to the State's proposal of an instruction on flight. The trial court overruled the objection and later instructed the jury as follows:
The State contends that the defendant fled. Evidence of flight may be considered by you together with all other facts and circumstances in this case in determining whether the combined circumstances amount to an admission or show a consciousness of guilt. However, proof of this circumstance is not sufficient in itself to establish the defendant's guilt. Further, this circumstance has no bearing on the question of whether the defendant acted with premeditation and deliberation. Therefore, it must not be considered by you as evidence of premeditation and deliberation.
The jury found defendant guilty of second degree murder, and the trial court entered judgment and commitment on that ground. Defendant appeals.
On appeal, defendant's sole argument is that the trial court erred by instructing the jury on flight. We disagree.
"Evidence of a defendant's flight following the commission of a crime may properly be considered by a jury as evidence of guilt or consciousness of guilt." State v. King, 343 N.C. 29, 38, 468 S.E.2d 232, 238 (1996) (citation omitted). The relevant inquiry in determining whether an instruction on flight is warranted is "whether there is evidence that defendant left the scene of the [crime] and took steps to avoid apprehension." State v. Levan, 326 N.C. 155, 165, 388 S.E.2d 429, 434 (1990). "Mere evidence that defendant left the scene of the crime is not enough to support an instruction on flight. There must also be some evidence that defendant took steps to avoid apprehension." State v. Thompson, 328 N.C. 477, 490, 402 S.E.2d 386, 392 (1991) (citation omitted). "So long as there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged, the instruction is properly given. The fact that there may be other reasonable explanations for defendant's conduct does not render the instruction improper." State v. Irick, 291 N.C. 480, 494, 231 S.E.2d 833, 842 (1977) (citation omitted).
Here, the evidence indicates that defendant left the scene after the shooting, drove home and buried the gun under rocks in the wooded area near his residence. We hold this evidence sufficient to support the instruction on flight. See State v. Eubanks, 151 N.C. App. 499, 503, 565 S.E.2d 738, 741 (2002) (holding evidence was sufficient to support instruction on flight when the defendant left the scene without rendering aid or assistance to the victim, he disposed of the weapon, and he did not voluntarily contact the police or turn himself into the police but merely cooperated with the police once contacted). Accordingly, we overrule defendant's assignment of error.
No error.
Judges TYSON and ARROWOOD concur.
Report per Rule 30(e).